(51 Misc. Rep. 596.)

PRYOR v. MILBURN.

(Supreme Court, Appellate Term. November 14. 1906.)

1. PHYSICIANS AND SURGEONS — CONTRACT OF EMPLOYMENT — IMPLIED CONTRACT.

Evidence that an operation was absolutely necessary "on the chance" to save the life of a patient, and that the patient was operated on as claimed, warrants an inference of a request on the part of the patient to have the operation performed, with an understanding that a reasonable compensation would be paid therefor.

2. APPEAL AND ERROR—OBJECTIONS NOT MADE BELOW.

Where, at the beginning of the trial, plaintiff's counsel stated that the action was one "for service against the executor," and defendant apparently acquiesced and in no way made any objection to the form of the pleading, he could not, on appeal, raise the objection that the word "as" did not appear between defendant's name and his title as executor of an estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 1184–1189, 1221, 1229.]

Dowling, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Louise Allen Pryor, as executrix of the last will and testament of William R. Pryor, deceased, against George J. Milburn, executor of the last will and testament of Sophie Beaver, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Mark Alter, for appellant.
F. Solinger, for respondent.

PER CURIAM. There was evidence that plaintiff's testator had performed an operation for pay upon defendant at the hospital about three days prior to the operation for which compensation is sought, that the last operation was absolutely necessary "on the chance" to save the life of defendant's testatrix, and that the defendant's testatrix was operated upon as claimed. This evidence warrants an inference of a request upon the part of the patient to have the operation performed, with an understanding that a reasonable compensation would be paid for the performance of it. The stipulation, it seems, was that the value of the services was $225. It is true that plaintiff's counsel said that it was stipulated "that the amount of recovery be $225," but this he followed by saying that "the value of the services * * * is $225." It seems quite clear that he corrected his first statement. This seems to have been the view of the learned trial justice, and we are unable to say that he was wrong. The point that the word "as" does not appear after Milburn and before "executor" is not important. At the beginning of the trial plaintiff's counsel stated: "This is an action for services against the executor." The defendant apparently acquiesced. In no way did he present at the trial the point he now makes, and therefore he should not now be permitted to raise it effectively. The summons seems to contain the word. The statute was matter of defense, and there was no evidence that it had been violated.

The judgment should be affirmed, with costs.

GILDERSLEEVE and DUGRO, JJ., concur. DOWLING, J., dissents.